

# 12 CV 7061

### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF NEW YORK

### IN ADMIRALTY

------------------------------------------------------------- X

LIBERTY MUTUAL INSURANCE COMPANY
a/s/o WATERFRONT ENTERPRISES, INC., and
WATERFRONT ENTERPRISES, INC.,

               Plaintiffs,

      -against-

BOUCHARD TRANSPORTATION CO., INC.
*in personam,* and M/V JANE A. BOUCHARD, her
engines, boilers, tackle, appurtenances, furnishings,
fittings, etc. *in rem,*

              Defendant.

------------------------------------------------------------- X

CIVIL ACTION

Case No.:

RECEIVED
SEP 18 2012
U.S.D.C. S.D. N.Y.
CASHIERS

### VERIFIED COMPLAINT IN ADMIRALTY *IN REM*

Plaintiffs, LIBERTY MUTUAL INSURANCE COMPANY a/s/o WATERFRONT ENTERPRISES, INC. ("Liberty") and WATERFRONT ENTERPRISES, INC. ("Waterfront"), by their undersigned counsel, hereby assert the following Complaint, against the Defendants BOUCHARD TRANSPORTATION CO., INC., *in personam,* and the M/V JANE A. BOUCHARD, her engines, boilers, tackle, appurtenances, furnishings, fittings, etc., *in rem* (hereinafter collectively "Bouchard").

### THE PARTIES

1.    Liberty is an insurance company with its residence and principal place of business in Massachusetts. Liberty is engaged in the business of insurance and provided same to its insured, Waterfront, at all times relevant.

2.    Waterfront is a foreign business corporation, and resident of Connecticut, with a principal place of business located at 400 Waterfront Street, New Haven, Connecticut.

Waterfront is engaged in the business of, *inter alia*, providing marine services, at all times relevant.

3.   Defendant, Bouchard Transportation Co., Inc., is a New York domestic business corporation with its office and principal place of business located at 58 South Service Road in Melville, New York, and at all material times was the owner and/or operator of the Defendant, M/V JANE BOUCHARD.

4.   Defendant, M/V JANE A. BOUCHARD, is a tug boat bearing IMO No. 9269702, official number 1139726, nationality U.S.A., call sign WDB4391, 130 feet in length, weighing 293 gross tons, built in 2003, and is owned and/or operated by Defendant, Bouchard Transportation Co., Inc.

## JURISDICTION AND VENUE

5.   This is a case of admiralty and maritime jurisdiction stating a maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and Supplemental Admiralty Rules C and D as hereinafter more fully appears.  This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §§1331 and 1333 and 46 U.S.C. §30101 (the Admiralty Extension Act).

6.   The wrong complained of herein occurred in navigable waters, bore a significant relationship to maritime activity and had an impact on maritime commerce.

7.   In addition, the Court has *in rem* jurisdiction, because Waterfront and Liberty obtained a Letter of Undertaking from Defendant Bouchard's P&I Club, a true copy of which is annexed hereto as Exhibit "A." Accordingly, the Letter of Undertaking serves as substitution of M/V Jane A. Bouchard as the *res* for this action.

8.   Venue is proper in the Southern District of New York, pursuant to the Letter of

Undertaking. See Exhibit "A."

9.    Upon information and belief, M/V JANE BOUCHARD is, or will be, within the Southern District of New York during the pendency of this action.

FACTS

10.    At all material times, Waterfront owned a pier located at 400 Waterfront Street, New Haven Connecticut (hereinafter the "Pier").

11.    Upon information and belief, on or about February 5, 2011, Defendant Bouchard was engaged in towing a barge, B. No. 225, across or through the harbor of New Haven, Connecticut.

12.    On February 5, 2011, at approximately 5:30 p.m., Bouchard struck Waterfront's Pier, causing significant physical damages to the Pier and also requiring Waterfront to incur expenses in order to continue its business operations.

13.    Upon information and belief, on February 5, 2011 at approximately 5:30 p.m., the weather was clear and the water was calm when and where the allision occurred.

14.    As result of the foregoing allision to the Pier, Waterfront sustained significant damages, including, but not limited to: repair costs, increased operating costs, litigation costs, interest and other costs.

15.    After the allision, Waterfront submitted a claim under the terms and conditions of its insurance policy issued by Liberty (the "Policy") for the damages sustained as a consequence of Bouchard's acts and/or omissions.

16.    Thereafter, Liberty paid Waterfront One Million, Two Hundred Thousand, Four Hundred Seventy Dollars and Eighty-Six Cents ($1,200,470.86) pursuant to the terms and conditions of the Policy, and obtained subrogation rights to the extent of its payment.

17.     In addition, Waterfront incurred One Hundred Thousand Dollars ($100,000.00) in damages as a result of the allision that was not reimbursed by Liberty pursuant to the terms and conditions of the Policy, representing Waterfront's deductible under the Policy.

18.     Waterfront and Liberty requested indemnification and/or reimbursement for their damages from Bouchard and/or its insurance carriers, which Bouchard and/or its insurance carriers have denied and/or failed to provide.

19.     Subsequent to the allision, Waterfront and Liberty agreed to refrain from arresting M/V Jane A. Bouchard in exchange for, and reliance on, a Letter of Undertaking from Bouchard's P&I Club. See Exhibit "A."

## AS AND FOR A FIRST CAUSE OF ACTION
## IN NEGLIGENCE AGAINST DEFENDANTS

20.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "19" with the same force and effect as though fully set forth herein.

21.     Bouchard owed a duty to Waterfront, and Liberty by way of subrogation, to operate and navigate in a reasonably prudent manner.

22.     By failing to act in a reasonably prudent manner, and striking the Pier, Bouchard breached its duty to Waterfront, and to Liberty by way of subrogation.

23.     Bouchard breached its duties by numerous acts and omissions, including, but not limited to, the following:

   a.   Alliding with and making contact with the Pier;

   b.   Failure to obey the general prudence rule (a violation of COLREGS, Rule 2);

   c.   Failure to maneuver properly in time to avoid allision between the M/V Jane A.

Bouchard and the Pier (a violation of COLREGS, Rules 7 and 8);

d.  Failure to properly assess the risk of allision between the M/V Jane A. Bouchard and the Pier, by use of all available means under the circumstances (a violation of COLREGS, Rules 2, 7 and 8);

e.  The persons in charge of M/V Jane A. Bouchard were incompetent and were not attentive to their duties;

f.  Bouchard was not maintaining a proper and alert lookout (a violation of COLREGS, Rules 2 and 5);

g.  Bouchard was proceeding at a speed which was improper and excessive under the existing conditions (a violation of COLREGS, Rules 2, 6, 7 and 8);

h.  Bouchard failed to proceed with caution and due regard for the existing circumstances and conditions (a violation of COLREGS, Rules 2, 6, 7 and 8); and/or

i.  Bouchard failed to timely reduce its speed and maneuver into position when it knew of the presence of the Pier and the risk of an allision existed (a violation of COLREGS, Rules 2, 6, 7 and 8).

24.     Had Bouchard acted in a reasonably prudent manner, the damages suffered by Waterfront, and Liberty by way of subrogation, would not have occurred; the damages suffered by Waterfront, and Liberty by way of subrogation, do not ordinarily occur in the absence of someone's negligence.

25.     As a direct and proximate result of the breach, the Pier was physically damaged and the damages caused Waterfront to incur additional expenses and/or use additional resources in order to continue its normal business operations.

26.     The allision, and all resulting damages and losses, were in no way caused or contributed to by any fault or neglect on the part of Waterfront, Liberty and/or their agents, servants and/or employees.

WHEREFORE, Plaintiffs demand judgment against Bouchard, for the total amount of their damages, in the amount of One Million, Three Hundred Thousand, Four Hundred Seventy Dollars and Eighty-Six Cents ($1,300,470.86), together with pre-judgment interest, legal fees, costs and such other relief as this Court deems proper.

### AS AND FOR A SECOND CAUSE OF ACTION IN GROSS NEGLIGENCE, RECKLESSNESS AND/OR WILLFUL AND WANTON MISCONDUCT AGAINST DEFENDANTS

27.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "26" with the same force and effect as though fully set forth herein.

28.     Bouchard knew or should have known that improperly operating and navigating in the navigable waters by the Pier was going to create a dangerous and ultra-hazardous condition.

29.     Bouchard knew or should have known that its duties with respect to properly operating and navigating were to prevent the dangerous and ultra-hazardous condition from causing the loss of life, limb and/or property.

30.     Bouchard knew or should have known that its failure to properly perform its duties could result in the loss of life, limb and/or property, and a high degree of danger was present.

31.     Bouchard knew or should have known that because of the dangerous and ultra-hazardous condition it created at the Pier, its conduct with respect to its operating and navigating

duties owed to Plaintiffs, was required to be beyond that of ordinary care.

32.     Bouchard knew or should have known that its activities with respect to its operation and navigation were part of a dangerous and ultra-hazardous activity.

33.     Bouchard knew or should have known that any departure from ordinary care could result in the loss of life, limb and/or property.

34.     Bouchard was required to conduct itself with a high degree of caution to avoid the apparent danger posed by its operation and navigation.

35.     Bouchard's activities with respect to its operation and navigation were in complete disregard for the rights and safety of Plaintiffs and the consequences thereof.

36.     Bouchard knew that its failure to properly operate and navigate could result in the loss of life, limb and/or property.

37.     Despite all the knowledge held by Bouchard, it intentionally, grossly, willfully, wantonly and/or recklessly failed to properly operate and/or navigate in the navigable waters by the Pier and as a result allided with the Pier.

38.     In light of the above, Bouchard's activities with respect to its operation and navigation were of highly unreasonable conduct, an extreme departure from ordinary care, grossly negligent, willful, wanton and/or reckless.

39.     Bouchard's failure to abide by its required conduct and duty owed to Plaintiffs was in and of itself an extreme departure from ordinary care.

40.     Bouchard did not act out of mere mistake resulting from inexperience, excitement, confusion, thoughtlessness, inadvertence or simple inattention.

41.     As a direct and proximate result of Bouchard's willful, wanton, grossly negligent and/or reckless conduct, Plaintiffs were caused to sustain damages in the amount of in the

amount of One Million, Three Hundred Thousand, Four Hundred Seventy Dollars and Eighty-Six Cents ($1,300,470.86), together with interest, legal fees, costs and such other relief as the Court deems proper.

WHEREFORE, Plaintiffs demand judgment against BOUCHARD, for the total amount of its damages, in the amount of One Million, Three Hundred Thousand, Four Hundred Seventy Dollars and Eighty-Six Cents ($1,300,470.86), together with pre-judgment interest, legal fees, costs, punitive damages, and such other relief as this Court deems proper.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Liberty and Waterfront respectfully request this Court enter judgment against Bouchard in the amount of One Million, Three Hundred Thousand, Four Hundred Seventy Dollars and Eighty-Six Cents ($1,300,470.86), plus pre-judgment interest, costs, punitive damages in the amount set forth below and attorneys fees:

a. that process and due form of law according to the rules and practices of this Court in causes of admiralty and maritime jurisdiction, may issue against Bouchard, and that all persons having an interest therein may be cited to appear and answer, the matter aforesaid;

b. that this Court enter judgment in Liberty and Waterfront's favor in the amount of their claims, as aforesaid, with interest, costs, and attorney's fees, and that the vessel, M/V Jane A. Bouchard, its tackle and appurtenances, etc. be condemned and sold to satisfy the judgment, or, alternatively, Bouchard's P&I Club shall satisfy the judgment pursuant to its Letter of Undertaking; and

c. awarding Liberty and Waterfront punitive damages in the amount of One Million, Three Hundred Thousand, Four Hundred Seventy Dollars and Eighty-Six

Cents ($1,300,470.86) as permitted by General Maritime Law; and

d.  awarding Liberty and Waterfront any further relief as deemed just and proper.


Dated: September 18, 2012
       New York, New York

Respectfully submitted,

Danielle Sullivan Kaminski, Esq.
Attorney No. DS5547
Lindsey Owen, Esq.
Attorney No. LO1495
THE CHARTWELL LAW OFFICES, LLP.
One Battery Park Plaza, 35th Floor
New York, New York 10004
Tel: (212) 968-2300
Fax: (212) 968-2400
dkaminski@chartwelllaw.com
*Attorneys for Plaintiffs*

## VERIFICATION

STATE OF NEW YORK      )
                              )    ss.:

COUNTY OF NEW YORK    )

Dan Mcleod , being duly sworn, deposes and states that he is the _Complex Claims Specialist_ of

Liberty Mutual Insurance Company, is located in New York, and has read the foregoing

VERIFIED COMPLAINT IN ADMIRALTY *IN PERSONAM* and *IN REM* and knows the

contents thereof, and that the same are true of his own knowledge, except as to the matters

therein stated to be alleged on information and belief, and as to those matters he believes them to

be true. The basis for his belief is the relevant documents and reports and statements of persons

possessing first-hand knowledge.

Dated:       New York, New York
                September 17, 2012

                                 By: _____
                                      Dan Mcleod

Sworn to before me this 17 day of September 2012.

_Pamela Cadman_
Notary Public

PAMELA LYNN LADMAN
Notary Public - State of New York
NO. 01LA6218199
Qualified in New York County
My Commission Expires 3/8/2014

## ATTORNEY VERIFICATON
## PURSUANT TO CPLR §3020(d)(3)

**LINDSEY C. OWEN, ESQ.**, an attorney at law, duly admitted to practice in the Courts of the State of New York, affirms under penalties of perjury that:

I am associated with the law firm of The Chartwell Law Offices, LLP, the attorneys for Plaintiff, Waterfront Enterprises, Inc. (herein "Waterfront"), in the above-entitled action.  I have read the foregoing VERIFIED COMPLAINT IN ADMIRALTY *IN PERSONAM* and *IN REM* and know the contents thereof, and upon information and belief, I believe the matters alleged therein to be true.

The reason this verification is made by me, and not by Waterfront, is because Waterfront is not located in the county in which its attorneys maintain their offices.

The source of my information and the grounds of my beliefs are privileged communications and/or review of the documents contained in the file.

Dated: September 18, 2012
       New York, New York

_____
**LINDSEY C. OWEN, ESQ.**
Attorney No. LO1495

# EXHIBIT A

AMERICAN STEAMSHIP OWNERS MUTUAL PROTECTION AND INDEMNITY ASSOCIATION, INC.

Case 1:12-cv-07061-WHP   Document 1   Filed 09/18/12   Page 13 of 14

THE
AMERICAN
CLUB

SHIPOWNERS CLAIMS BUREAU, INC., MANAGER
ONE BATTERY PARK PLAZA · 31ST FLOOR   NEW YORK, NEW YORK 10004   USA
TEL: +1.212.847.4500   FAX: +1.212.847.4599   WEB: WWW.AMERICAN-CLUB.COM

December 7, 2011

Waterfront Enterprises, Inc.
C/O The Chartwell Law Offices, LLP
BNY Mellon Bank Center
1735 Market Street, 29th Floor
Philadelphia, PA 19103

Re: JANE A. BOUCHARD
    Gateway Terminal Pier, New Haven, CT
    February 5, 2011
    Chartwell File No. 0041040

Dear Sir:

In consideration of your refraining from arrest, attachment or otherwise detaining or taking any action whatsoever against the Tug JANE A. BOUCHARD ("Tug"), IMO No. 9269702, and its owner(s) and/or operators, or against any other vessel, asset or property in the same and/or associated and/or beneficial ownership, and/or management, and/or control wherever situated, in connection with any/all alleged damages to the New Haven Gateway Terminal Pier ("Pier"), the undersigned Association hereby agrees:

(1)     To file, or cause to be filed an appearance, claim of owner and answer on behalf of the Tug and/or its owner(s) and/or operators in suit commenced in the United States District Court for the Southern District of New York that pertains to alleged damage to the Pier;

(2)     In the event a final decree (after appeal, if any) be entered in favor of the Pier interests against the Tug or her owner(s) and/or operators, then the undersigned Association agrees to pay and satisfy the said final decree or such damages as may be mutually agreed by the parties up to the sum of USD $1,300,000.00 (ONE MILLION THREE HUNDRED THOUSAND AND 00/100 U.S. DOLLARS), inclusive of interest and costs, or any lesser amount decreed by the court or settled between the parties, where said settlement has been made with the written approval of the undersigned Association, without any final decree being rendered;

(3)     Upon demand, to cause to be filed a bond in form and sufficiency of surety satisfactory to you or to the court in the above amount, if an action is commenced, securing your claim against the said vessel and/or its owner(s) and/or operators, the amount of such bond not to exceed the amount stated in sub-paragraph 2, above;

(4)     In the event the bond referred to in sub-paragraph 3, above, is filed, the undersigned Association shall have no further obligation under sub-paragraph 2, above; and

(5)     It is understood and agreed between the parties to this Letter of Undertaking that the amount of the Letter of Undertaking or Bond can be reduced or increased by agreement of the parties, or failing said agreement, by order of the court referenced in sub-paragraph 1, above, if an action is commenced.

It is understood and agreed that the signing of this letter by Donald R. Moore is not to be construed as binding on them, nor binding upon Shipowners Claims Bureau, Inc., but it is to be binding only upon the American Steamship Owners Mutual Protection and Indemnity Association, Inc.

This letter is written entirely without prejudice as to any rights, claims or defenses which the undersigned surety, the Tug or its owner(s) and/or operators may have under any laws or statutes in effect, all of which are hereby expressly reserved, and none of which is to be regarded as waived.

This undertaking shall be governed by New York law as interpreted and applied by the court referenced in sub-paragraph 1, above, regardless of that court's choice of law rules, and any dispute between the parties hereto shall be submitted to the exclusive jurisdiction of said court.

It is the intent of this undertaking that your rights as plaintiff and the rights of the Tug and its owner(s) and/or operators shall be, and for all purposes shall be taken to be, precisely the same as they would have been had the vessel and/or assets in fact been taken into custody pursuant to an *in rem* warrant of arrest and/or an *in personam* writ of attachment by the United States Marshal for the Southern District of New York and released by the filing of a claim, answer and/or release bond.

AMERICAN STEAMSHIP OWNERS MUTUAL PROTECTION AND INDEMNTIY ASSOCIATION, INC.

By:_____

Donald R. Moore
Senior Vice President – Claims Manager
Shipowners Claims Bureau, Inc.
As Managers for and on behalf of The American Steamship Owners Mutual Protection and Indemnity Association, Inc.